UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MONZER AL KASSAR, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-01542-RDP-HGD |
| ) | |
| FEDERAL BUREAU OF ) | |
| PRISONS, et al., ) | |
| ) | |
|     Defendants ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The plaintiff, Monzer Al Kassar, is a federal prisoner currently housed at the Federal Correctional Institution in Terre Haute, Indiana (FCI Terre Haute). He filed the present action, seeking an order requiring the named defendants to comply with this court's order of November 7, 2011, in the matter of *Moreno-Godoy v. Rathman*, Case No. 1-10-cv-02826-RBP-TMP.[1] That matter involved a *habeas corpus* petition filed by federal inmate Luis Felipe Moreno-Godoy, seeking to force the respondent, FCI Talladega Warden John Rathman, to allow Moreno-Godoy to utilize the inmate electronic messaging system (TRULINCS) to correspond with Al Kassar on the

---

[1] The defendants in the present action are identified as the Federal Bureau of Prisons; FCI Terre Haute Unit Manager Melissa Bayless; and FCI Terre Haute Warden John C. Oliver.

matter of their defense and appeal of a criminal proceeding in which they were named as co-defendants. The petition in the *Moreno-Godoy v. Rathman* matter was dismissed by this court on August 22, 2011, on the basis that the petition did not challenge the fact or duration of the petitioner's confinement and therefore was not properly brought under § 2241. Neither the present plaintiff, nor any of the presently named defendants, were parties to that action.

The plaintiff in this action asserts that his civil rights have been violated by the defendants' refusal to comply with the November 7, 2011, order in the *Moreno-Godoy* case. However, the plaintiff mis-characterizes that order as one which "was issued to allow open communications between this plaintiff herein and the petitioner in the related case." In fact, that order, entered in connection with a motion to re-open the case, merely instructs the respondent to advise the court if Mereno-Godoy's request to use TRULINCS to communicate with Al Kassar had been granted. The order was simply an effort to determine if the petitioner's case had become moot, and in no way ordered the presently named defendants to act on behalf of Moreno-Godoy or the present plaintiff.

To the extent the plaintiff seeks to assert claims on behalf of Mereno-Godoy under 42 U.S.C. § 1983, or to enforce an order of this court on Moreno-Godoy's behalf, he lacks standing to bring such an action. *Harris v. Evans*, 20 F.3d 1118 (11th

Cir. 1994). Although in some circumstances, Rule 71 of the Federal Rules of Civil Procedure allows a non-party to an action to enforce the judgment of a court which has been entered for his benefit, no such circumstances arise in this situation. There has been no order or judgment in the *Moreno-Godoy* matter which can be interpreted as granting specific relief on behalf of the plaintiff in this action. Furthermore, there has been no order or judgment in the *Moreno-Godoy* matter which directs specific relief *against* the defendants named herein. Therefore, to the extent this action seeks enforcement of any order or judgment in the matter of *Moreno-Godoy v. Rathman*, Case No. 1-10-cv-02826-RBP-TMP, it is without merit.

Absent a legitimate right to petition this court to enforce a previous order, the plaintiff's claims are more accurately characterized as a claim under § 1983 against defendants who are located in Terre Haute, Indiana. Under those circumstances, it seems clear that venue is not proper in the Northern District of Alabama.

A civil action may be brought only in the judicial district (1) where at least one of the defendants resides or (2) where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Daugherty v. Procunier*, 456 F.2d 97 (9th Cir. 1972). In this instance, there does not appear to be an individual defendant who is located in the Northern District of Alabama. More

importantly, the plaintiff's claims are directed at acts or omissions occurring at FCI Terre Haute which is located in the Southern District of Indiana. Accordingly, in the interest of justice, this action is due to be transferred to the United States District Court for the Southern District of Indiana. 28 U.S.C. § 1404(a).

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the magistrate judge RECOMMENDS this action be TRANSFERRED to the United States District Court for the Southern District of Indiana.

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the complaint or petition also must be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically

identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Objections not meeting this specificity requirement will not be considered by a district judge.  IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS.  HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED.  THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed

before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 4th day of September, 2013.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE